# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACLYN SICILIA, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00812-GMN-GWF |
| vs. | ) **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion for Enlargement of Time to Respond to Written Discovery (#31), and Defendant's Motion for Relief Under Fed.R.Civ.P. 36(b) (#33), filed on April 23, 2015. Plaintiff's Response (#36) was filed on May 9, 2015 and Defendant filed its Reply (#40) on May 22, 2015. The Court conducted a hearing in this matter on May 28, 2015.

## BACKGROUND AND DISCUSSION

Plaintiff served requests for admissions, interrogatories and requests for production of documents on Defendant on February 27, 2015. Defendant's discovery responses were due on March 30, 2015. Defendant failed to serve discovery responses or obtain an extension of time to respond to Plaintiff's discovery requests on or before the due date. Defendant's counsel represents that the failure to timely serve discovery responses was due to an isolated instance of negligence arising from the departure from the law firm of a legal assistant who was responsible for handling the discovery responses. On April 16, 2015, Plaintiff's counsel sent a letter to the Defendant's attorney notifying him that Defendant's discovery responses were now overdue and that pursuant to Rule 36(a)(3) the requests for admissions were deemed admitted. Defendant's counsel promptly contacted Plaintiff's counsel to request an extension of time to respond to the discovery requests

and that Defendant be permitted to withdraw the deemed admissions. Plaintiff's counsel declined to grant the requested extension or permit the deemed admissions to be withdrawn. The requests for admissions that Plaintiff served on Defendant included requests to admit ultimate facts or issues in the case, such that Defendant "was unreasonable in not fully investigating [Plaintiff's] underinsured motorist claim," Request No. 29; that Defendant "unreasonably evaluated [Plaintiff's] underinsured motorist claim," Request No. 30; and that Defendant had "no reasonable justification to refuse to pay Plaintiff's underinsured motorist claim," Request No. 34. Following Plaintiff's refusal to grant an extension or permit Defendant to withdraw the deemed admissions, Defendant prepared and served Responses to the Requests for Admissions on April 20, 2015 in which Defendant admitted some requests and denied others. *Motion (#31,#33), Exhibit J.* After the subject motions were filed, Defendant also served answers to interrogatories and responses to request for production. Defendant objected to certain of the discovery requests.

Rule 36(a)(3) of the Federal Rules of Civil Procedure states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

"Rule 36(b) is permissive, not mandatory with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The rule permits the district court to exercise its discretion to grant relief from an admission. *Id.* Two requirements must be met under Rule 36(b) before an admission may be withdrawn. First, the merits of the action must be subserved. Second, the party who obtained the admission must not be prejudiced by the withdrawal. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). *Hadley* notes that the first half of the test is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* The party relying on the deemed admission has the

burden or proving that she would be prejudiced by its withdrawal. *Conlon*, 474 F.3d at 622, citing *Hadley*, 45 F.3d at 1348. The court further states:

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

*Conlon*, 474 F.3d at 622, quoting *Hadley*, 45 F.3d at 1348.

The nature and extent of the injuries allegedly suffered by Plaintiff in the motor vehicle accident that is the subject of Plaintiff's claim for underinsured motorist benefits have been in dispute since the commencement of this lawsuit up through the time that Defendant failed to timely serve its responses. Both sides have disclosed medical experts to testify about the bodily injuries that Plaintiff sustained or did not sustain as a result of the accident. Both sides have disclosed claims handling experts to testify regarding the reasonableness, good faith, or lack thereof, in Defendant's handling of Plaintiff's insurance claim. Both sides have had the opportunity to conduct discovery relating to the disputed issues. Several of the deemed admissions constitute admission of ultimate issues in the case. Allowing these admissions to stand would eliminate any presentation of the merits of the case. This is further evidenced by the swiftness with which Plaintiff moved for summary judgment based on the deemed admissions. *See Motion for Summary Judgment (#34)*, filed on April 27, 2015.

Plaintiff has not demonstrated that she will be prejudiced if Defendant is permitted to withdraw its deemed admissions and to rely on the Responses to Requests for Admissions it served on April 20, 2015. No trial date has been set in this case and discovery does not expire until June 15, 2015. As stated above, Plaintiff appears well able to present evidence at trial, including expert testimony, in support of her contractual and extra-contractual claims. If some discovery has not occurred or may be required as a result of the Defendant's delay in providing timely discovery responses, including responses to the requests for admissions, the Court will grant an extension of the discovery deadline as necessary.

. . .

   Defendant has now served answers to interrogatories and responses to request for production of documents which partially moots its request for an extension of time to serve those responses.  Defendant has, however, objected to certain discovery requests.  Rule 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause excuses the objection."  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33."  *Liguori v. Hansen*, 2012 WL 760747, *11 (D.Nev. 2012), citing *Fifty-Six Hope Road Music. Ltd. v. Maya Collections, Inc.*, 2007 WL 1726558 (D.Nev. 2007).  *Liguori* further states that "[c]ourts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver.  Any disputes regarding the validity of Defendant's objections, other than their untimeliness, have not yet been presented to the Court.  As the Court stated during the hearing, Plaintiff should meet and confer with Defendant in regard to any objections to her discovery requests that Plaintiff believes are invalid.  If the parties are unable to resolve these issues without court intervention, then Plaintiff may file a motion to compel.  On any such motion, the court will consider whether the objection should be upheld, notwithstanding that Defendant's discovery responses were untimely.  Accordingly,

   **IT IS HEREBY ORDERED** that Defendant's Motion for Enlargement of Time to Respond to Written Discovery (#31) is **granted**, in part, and **denied**, in part, in accordance with this order and as stated by the Court on the record.

   **IT IS FURTHER ORDERED** that Defendant's Motion for Relief Under Fed.R.Civ.P. 36(b) (#33) is **granted**.

   DATED this 29th day of May, 2015.

                 _____
                  GEORGE FOLEY, JR.
                  United States Magistrate Judge